Gary A. Nye, Esq. (SBN 126104)
David R. Ginsburg, Esq. (SBN 210900)
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5900 Canoga Avenue, Suite 450
Woodland Hills, California 91367
Telephone:    (818) 992-9999
Facsimile:    (818) 992-9991
Email: gan@rpnalaw.com; drg@rpnalaw.com

Attorneys for Plaintiff
Taylor-Listug, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR-LISTUG, INC. a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ARTINY GUITAR FACTORY LIMITED, a Hong Kong Company; GUANGZHOU ARTINY GUITAR CO., LTD.; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CV 23–2648–JFW (MARx) <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** <br><br> **MEMORANDUM OF POINTS AUTHORIRTIES** <br><br> Date:        July 31, 2023 <br> Time:        1:30p.m. <br> Courtroom:   7A |

**MOTION FOR DEFAULT JUDGMENT**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 31, 2023, at 1:30 p.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located in Courtroom 7A of the United States Courthouse for the Central District of California, Western Division, 350 West First Street, Los Angeles, California 90012, Plaintiff Taylor-Listug, Inc. ("Plaintiff" or "Taylor ") will move the Court to enter default judgment and a permanent injunction against Defendant Artiny Guitar Factory Limited ("Artiny Guitar") and against Defendant Guangzhou Artiny Guitar Co., Ltd. ("Guangzhou Artiny") (collectively, "Defendants").

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested.  Defendants have not appeared in this action, and the Clerk previously entered the default of Defendants on May 17, 2023.  Defendants are not minors, incompetent persons, in the military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Gary Nye, all pleadings, papers, records and documentary materials on file, all matters which this Court may take judicial notice, and any other evidence and argument as may be presented at the time of hearing.

Dated: June 27, 2023          ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

By:    _____
              GARY A. NYE
              DAVID R. GINSBURG
              Attorneys for Plaintiff
              Taylor-Listug, Inc.

**MOTION FOR DEFAULT JUDGMENT**

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION  ....................................................................... 1

II.    BACKGROUND ......................................................................... 1

    A.    Factual Background ........................................................... 1

        1.    The Taylor Trademarks...................................... 1

        2.    Unauthorized Use of the Taylor Trademarks.......................... 2

    B.    Procedural History ........................................................... 7

III.   LEGAL ARGUMENT.................................................................. 8

    A.    A Court May Enter Default Judgment.............................................. 8

    B.    The *Eitel* Factors Favor an Entry of Default Judgment.................... 9

    C.    A Permanent Injunction Should Be Granted ................................. 11

IV.    CONCLUSION .......................................................................... 12

**MOTION FOR DEFAULT JUDGMENT**

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>Cases</u>

3    *Aldabe v. Aldabe*
4         616 F.2d 1089 (9th Cir. 1980)....................................................... 8

5    *Century 21 Real Estate Corp. v. Sandlin*
6         846 F.2d 1175 (9th Cir. 1988).................................................... 11

7    *China Cent. Television v. Create New Tech. (HK) Ltd.*
8         No. CV 15–01869, 2015 WL 12732432, at *19
9         (C.D. Cal. Dec. 7, 2015) .......................................................... 11

10   *Danning v. Lavine*
11        572 F.2d 1386 (9th Cir. 1978)...................................................... 9

12   *eBay Inc. v. MercExchange, L.L.C.*
13        547 U.S. 388 (2006)................................................................ 11

14   *Eitel v. McCool*
15        782 F.2d 1470 (9th Cir. 1986)........................................... 8, 9, 10

16   *Geddes v. United Financial Group*
17        559 F.2d 557 (9th Cir. 1977)....................................................... 8

18   *PepsiCo v. Triunfo-Mex, Inc.*
19        189 F.R.D. 431 (C.D. Cal. 1999) ............................................ 8, 10

20   *Sony Music Entm't, Inc. v. Global Arts Prod.*
21        45 F.Supp.2d 1345 (S.D.Fla.1999)............................................ 11

22   *TeleVideo Systems, Inc. v. Heidenthal*
23        826 F.2d 915 (9th Cir. 1987)....................................................... 8

### <u>Statutes and Rules</u>

25   15 U.S.C. § 1116.................................................................... 11

26   Federal Rule of Civil Procedure 55 .............................................. 8

24

27

28

**MOTION FOR DEFAULT JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Taylor-Listug, Inc. ("Plaintiff" or "Taylor") brought this action against Defendant Artiny Guitar Factory Limited ("Artiny Guitar") and Defendant Guangzhou Artiny Guitar Co., Ltd. ("Guangzhou Artiny") collectively ("Defendants") for trademark infringement, trade dress infringement, unfair competition, trademark dilution, and other related causes of action under federal, state, and common law arising from Defendants' unauthorized use of Taylor's trademarks in conjunction with stringed musical instruments.

Defendants were served with the complaint, but failed to respond or appear. The Clerk entered default, and Taylor now seeks entry of a default judgment and permanent injunction.

### II. BACKGROUND

#### A. Factual Background

##### 1. The Taylor Trademarks

Taylor is an American instrument manufacturer founded in 1974 by Bob Taylor and Kurt Listug. It is engaged in the business of developing, manufacturing, and selling stringed musical instruments. Taylor has been selling its instruments under the famous TAYLOR GUITARS® trademark for more than forty years. Its instruments are sold worldwide and have obtained worldwide recognition and reputation. *See* Complaint, ¶¶ 10-11 (Docket No. 1).

Taylor brought this action against Defendants for trademark infringement, trade dress infringement, unfair competition, trademark dilution, and other related causes of action arising from Defendants' unauthorized use of (1) Taylor's Peghead Design (U.S. Reg. Nos. 4,907,300 and 1,949,972 ("Taylor's Peghead Design"), and China Reg. No. 42837275) and (2) Taylor's Bridge Design (U.S. Reg. No. 2,587,146) ("Taylor's Bridge Design") in conjunction with stringed musical instruments (collectively, "Taylor Trademarks"). *Id.* at ¶ 9.

The '300 Registration was issued by the U.S. Patent and Trademark Office on January 23, 1996 (and is Incontestable under United States Trademark Law) and the '972 Registration was issued by the U.S. Patent and Trademark Office on March 1, 2016. Taylor also registered the Taylor Peghead Design on June 7, 2021 in China with the China National Intellectual Property Administration, and was issued its trademark registration as Number 42837275 ("the China Registration"). Taylor is the sole owner of Taylor's Peghead Design, which has been continuously and exclusively used in commerce by Taylor since at least 1975. *Id.* at ¶ 12.

Taylor is also the sole owner of Taylor's Bridge Design, U.S. Reg. No. 2,587,146 ("Taylor's Bridge Design"). The '146 Registration was issued by the U.S. Patent and Trademark Office on July 2, 2002 (and is Incontestable under United States Trademark Law). The iconic Taylor Bridge Design has been continuously and exclusively used in commerce by Taylor since at least 1984. *Id.* at ¶ 13.

The trademark registrations remain in full force and effect and are prima facie proof of Taylor's exclusive right to the Taylor Peghead Design and the Taylor Bridge Design. Taylor has expended a considerable amount of time, effort, and money on the advertising and promotion of the Taylor Trademarks. As a result of Taylor's long-term and widespread use of the Taylor Trademarks in the United States via magazines, newspapers, the Internet, and television, the Taylor Trademarks enjoy a high degree of consumer recognition. The Taylor Trademarks are especially valuable because they are constantly exposed to consumers purchasing a Taylor instrument. Thus, the Taylor Trademarks symbolize the enormous goodwill of Taylor's business in the United States. *Id.* at ¶¶ 14-15.

### 2.    <u>Unauthorized Use of the Taylor Trademarks</u>

Defendants directly compete with Taylor by actively engaging in the sale of stringed musical instruments in the United States. By offering products for sale that embody the Taylor Trademarks on their website (Artiny.com), in their

promotional advertising, for sale by other internet retailers, and for display and solicitation of sales at tradeshows, including the sale and display at the National Association of Music Merchants ("NAMM") tradeshow in Orange County, California, Defendants have marketed, promoted, and sold products embodying the Taylor Trademarks in the United States on multiple occasions. *Id.* at ¶ 16.

Defendants have marketed, promoted, and sold the following products embodying and infringing upon the Taylor Trademarks in the United States on multiple occasions:

| Model | Link to product page | Asset Being Infringed |
|-------|---------------------|----------------------|
| QAG39H-SB | QAG39H-SB,PLYWOOD (artiny.com) | Headstock |
| QAG39H-RD | QAG39H-RD,PLYWOOD (artiny.com) | Headstock |
| QAG39H-NT | QAG39H-NT,PLYWOOD (artiny.com) | Headstock |
| QAG39H-BL | QAG39H-BL,PLYWOOD (artiny.com) | Headstock |
| QAG39H-BK | QAG39H-BK,PLYWOOD (artiny.com) | Headstock |
| QAG411G PL | QAG411G PL,PLYWOOD (artiny.com) | Headstock |
| QAG411G NT | QAG411G NT,PLYWOOD (artiny.com) | Headstock |
| QAG411G BL | QAG411G BL,PLYWOOD (artiny.com) | Headstock |
| QAG411 BK | QAG411G BK,PLYWOOD (artiny.com) | Headstock |

3

**MOTION FOR DEFAULT JUDGMENT**

| | | |
|---|---|---|
| QAG401M SB | QAG401M SB,PLYWOOD (artiny.com) | Headstock |
| QAG401M NT | QAG401M NT,PLYWOOD (artiny.com) | Headstock |
| QAG401G | QAG401G,PLYWOOD (artiny.com) | Headstock |
| QAG391M NT | QAG391M NT,PLYWOOD (artiny.com) | Headstock |
| QAG391M BK | QAG391M BK,PLYWOOD (artiny.com) | Headstock |
| LK41M SB | LK41M SB,PLYWOOD (artiny.com) | Headstock |
| LK41M NT | LK41M NT,PLYWOOD (artiny.com) | Headstock |
| LK41M BK | LK41M BK,PLYWOOD (artiny.com) | Headstock |
| LK41G | LK41G,PLYWOOD (artiny.com) | Headstock |
| SY-040 | SY-040,PLYWOOD (artiny.com) | Bridge |
| FK-515 | FK-515,PLYWOOD (artiny.com) | Bridge |
| FK-514 | FK-514,PLYWOOD (artiny.com) | Bridge |
| FK-414 | FK-414,PLYWOOD (artiny.com) | Bridge |
| FK-412 | FK-412,PLYWOOD (artiny.com) | Bridge |
| SH-68CE | SH-68CE,SOLID TOP (artiny.com) | Bridge |
| 110CE | 110CE,SOLID TOP (artiny.com) | Bridge |
| HSY-E | HSY-E,SOLID TOP (artiny.com) | Bridge |
| HSY-D | HSY-D,SOLID TOP (artiny.com) | Bridge |
| HSY-C | HSY-C,SOLID TOP (artiny.com) | Bridge |
| GSM-02SP | GSM-02SP,PLYWOOD (artiny.com) | Headstock |

**MOTION FOR DEFAULT JUDGMENT**

| GSM-02MG | GSM-02MG,PLYWOOD (artiny.com) | Headstock |
| GSM-01SP | GSM-01SP,PLYWOOD (artiny.com) | Headstock |
| GSM-01MG | GSM-01MG,PLYWOOD (artiny.com) | Headstock |
| FK-412MT | FK-412MT,PLYWOOD (artiny.com) | Bridge |
| 41YS-NT | 41YS-NT,SOLID TOP (artiny.com) | Headstock |
| 41YS-BK | 41YS-BK,SOLID TOP (artiny.com) | Headstock |
| QA3806 | QA3806,PLYWOOD (artiny.com) | Headstock + Bridge |

*Id.* at ¶ 17.  Taylor has not authorized Defendants to produce, sell, or distribute any goods embodying the Taylor Trademarks.  Moreover, Defendants have not acquired the goods offered for sale from Taylor.  *Id.* at ¶ 18.

Defendants have made repeated unauthorized use of the Taylor Trademarks in connection with stringed musical instruments with the intent to mislead and confuse consumers into believing that Defendants' products are made directly by, or have been authorized or licensed by, Taylor pursuant to Taylor's strict quality control standards.  Defendants have engaged in this activity with the intent of misappropriating, for their own financial benefit, the goodwill Taylor has built up in the Taylor Trademarks over the years.  *Id.* at ¶ 19.

Defendants have falsely stated or otherwise implied that Defendants' products embodying the Taylor Trademarks are made directly by, or have been authorized or licensed by, Taylor pursuant to Taylor's strict quality control standards.  *Id.* at ¶ 20.

Defendants' misappropriation and misuse of the Taylor Trademarks has been done with the intent of deceiving or misleading consumers into mistakenly

**MOTION FOR DEFAULT JUDGMENT**

believing that Defendants' products originate from Taylor. Accordingly, Defendants' actions misappropriate the goodwill built up by Taylor in the Taylor Trademarks and otherwise attract or misdirect consumers looking for genuine or authorized Taylor goods. *Id.* at ¶ 21.

For several months prior to filing suit, Taylor communicated with Defendants' regarding the Taylor Trademarks. Despite Defendants' knowledge of Taylor's rights in the Taylor Trademarks, Defendants have continued to display products embodying the Taylor Trademarks on their website (Artiny.com), in their promotional advertising, for selling and for displaying by other internet retailers, and for selling, displaying and soliciting sales at tradeshows, including the NAMM tradeshow in Orange County, California. Despite Taylor's protest and warnings, Defendants have ignored all correspondence and communication. *Id.* at ¶ 22.

Defendants' misappropriation and misuse of the Taylor Trademarks was intended to cause, has caused, and is likely to continue to cause, consumer confusion, mistake, or deception, including the misleading of consumers into incorrectly believing that Defendants' goods are made directly by, or have been authorized or licensed by, Taylor pursuant to Taylor's strict quality control standards. Defendants' misappropriation and misuse of the Taylor Trademarks damages the reputation and goodwill of Taylor and the Taylor Trademarks. Defendants' actions have caused, and unless enjoined, will continue to cause irreparable damage to Taylor and to the reputation of Taylor's valuable and famous Taylor Trademarks. *Id.* at ¶¶ 23-24.

As recently as February 19, 2023, Defendants sent a form email from their co-founder to a list of potential attendees at the NAMM trade show in Orange County, California that was scheduled for April 13, 2023, whereby Defendants marketed, advertised, and solicited the sale of stringed musical instruments embodying the Taylor Trademarks. Defendants' email invited its recipients to attend the April NAMM show in Orange County for the purpose of viewing

**MOTION FOR DEFAULT JUDGMENT**

Defendants' products, many of which embody and infringe upon the Taylor Trademarks. *Id.* at ¶ 26.

As result of the above, Taylor brought this action against Defendants for trademark infringement, trade dress infringement, unfair competition, trademark dilution, and other related causes of action under federal, state, and common law arising from Defendants' unauthorized use of the Taylor Trademarks. *Id.* at ¶ 9.

Despite the allegations of damages in the Complaint, Taylor has now decided to forego a damages calculation in favor of seeking permanent injunctive relief and is not requesting any damages. *See* Declaration of Gary Nye ("Nye Decl."), ¶ 7. In addition, Artiny Guitar and Guangzhou Artiny are not minors, incompetent persons, or in the military service. Accordingly, the Servicemembers Civil Relief Act does not apply. Nye Decl., ¶ 6.

### B.    <u>Procedural History</u>

Taylor filed its complaint against Defendants on April 7, 2023. *See* Complaint (Docket No. 1); Nye Decl., ¶ 2. Taylor filed a proof of service for each of the Defendants on April 24, 2023. *See* Proofs of Service of Summons (Docket No.'s 15 and 16); Nye Decl., ¶ 3.

Defendants failed to respond to the complaint and made no appearance in the action. Accordingly, on May 16, 2023 Taylor filed a Request to the Clerk to Enter Default against the two Defendants. *See* Request to Enter Default against Defendant Artiny Guitar Factory Limited and Request to Enter Default against Defendant Guangzhou Artiny Guitar Co., Ltd. (Docket No.'s 17 and 18); Nye Decl., ¶ 4.

The Clerk entered default against Artiny Guitar and Guangzhou Artiny on May 17, 2023. *See* Default by Clerk Entered Against Artiny Guitar Factory Limited and Default by Clerk Entered Against Guangzhou Artiny Guitar Co. Ltd. (Docket No.'s 19 and 20). Nye Decl., ¶ 5.

**MOTION FOR DEFAULT JUDGMENT**

# III.    LEGAL ARGUMENT

## A.    A Court May Enter Default Judgment

Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default under 55(a).  Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required.

As this Court has held, the entry of default judgment is left to the court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to exercise discretion to enter a default judgment, courts may consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)) ("The general rule of law is that upon default the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true.").

### B.    The *Eitel* Factors Favor an Entry of Default Judgment

The first *Eitel* factor considers the possibility of prejudice to Plaintiff if default judgment is not entered. As Defendants have failed to appear or otherwise defend this action, Plaintiff would be left without remedy should the default judgment be denied.  Therefore, this factor weighs in favor of default judgment.

The second and third *Eitel* factors deal with the merits and sufficiency of Plaintiff's case. The Ninth Circuit has held that these two factors require that Plaintiff "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  In this action, Plaintiff has asserted claims for trademark infringement, trade dress infringement, unfair competition, trademark dilution, and other related causes of action under federal, state, and common law arising from Defendants' unauthorized use of Taylor's trademarks in conjunction with stringed musical instruments.

As the Clerk has entered default against the Defendants, the factual assertions and allegations made by Plaintiff in its complaint are taken as true. Taylor is the sole owner of Taylor's Peghead Design and Taylor's Bridge Design. Yet, Defendants have marketed, promoted, and sold products embodying and infringing upon the Taylor Trademarks in the United States on multiple occasions.

Defendants' misappropriation and misuse of the Taylor Trademarks has caused, and is likely to continue to cause, consumer confusion, mistake, or deception, including the misleading of consumers into incorrectly believing that Defendants' goods are made directly by, or have been authorized or licensed by, Taylor.  Defendants' misappropriation and misuse of the Taylor Trademarks damages the reputation and goodwill of Taylor and the Taylor Trademarks.

Taking the factual assertions and allegations as true, Plaintiff has alleged sufficient facts to support a finding of trademark infringement, unfair

**MOTION FOR DEFAULT JUDGMENT**

competition, and unjust enrichment. Therefore, the second and third *Eitel* factors weigh in favor of default judgment.

The fourth *Eitel* factor is the sum of money at stake in the action. Under the fourth *Eitel* factor, the Court will consider the amount of money at stake compared to the seriousness of the defendants' conduct. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Despite the allegations of damages in the Complaint, Plaintiff has decided to forego a damages calculation in favor of seeking permanent injunctive relief and is not requesting any damages, which causes this factor to weigh in favor of default judgment. *Id*. at 1177 ("[Plaintiffs] seek [] injunctive relief. . . . Accordingly, this factor favors granting default judgment").

The fifth *Eitel* factor is the possibility of a dispute concerning the material facts. As Defendants have failed to respond, the Court is unable to determine whether or not any material facts may be in dispute. Therefore, this factor should not weigh in favor of Plaintiff or Defendants.

The sixth *Eitel* factor is whether Defendants' default was the product of excusable neglect. Defendants were properly served in person in Orange County at the NAMM tradeshow. Defendants' failure to appear was not the result of excusable neglect. They have simply chosen not to respond to the Complaint. Accordingly, this factor weighs in favor of default judgment.

The seventh and final *Eitel* factor is the strong public policy favoring decision on the merits. However, Defendants' failure to respond has prevented a decision on the merits not possible in this action. Accordingly, this factor should be considered neutral.

As factors 1, 2, 3, 4, and 6 weigh in favor of granting default judgment, and factors 5 and 7 are neutral, default judgment is proper when the *Eitel* factors are applied to this case.

**MOTION FOR DEFAULT JUDGMENT**

### C.    A Permanent Injunction Should Be Granted

Remedies for trademark infringement through 15 U.S.C. § 1116 allow the Court to issue an injunction. "It is well established that courts can issue injunctions as part of default judgments." *See China Cent. Television v. Create New Tech. (HK) Ltd.*, No. CV 15–01869, 2015 WL 12732432, at *19 (C.D. Cal. Dec. 7, 2015); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F.Supp.2d 1345, 1347–1348 (S.D.Fla.1999).

A permanent junction may be granted where Plaintiff demonstrates: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved." *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts." *Id.* at 394.  However, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

Plaintiff's Complaint specifically alleges that Defendant's actions have caused and, unless enjoined, will continue to cause consumer confusion, mistake, or deception, including the misleading of consumers into incorrectly believing that Defendants' goods are made directly by, or have been authorized or licensed by, Taylor.  Plaintiff further alleges that Defendants' misappropriation and misuse of the Taylor Trademarks has caused, and, unless enjoined, will continue to cause irreparable harm to Plaintiff's reputation and goodwill.  As noted above, Taylor has decided to forego a damages calculation in favor of seeking permanent injunctive relief for Defendants' trademark infringement.

**MOTION FOR DEFAULT JUDGMENT**

## IV.    **<u>CONCLUSION</u>**

For the reasons stated in this Motion, Plaintiff respectfully requests that default judgment be entered in its favor and against Defendants, and that a permanent injunction be entered in its favor and against Defendants.

Dated: June 27, 2023          ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

By: _____
GARY A. NYE
DAVID R. GINSBURG
Attorneys for Plaintiff
Taylor-Listug, Inc.

**MOTION FOR DEFAULT JUDGMENT**