**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-2648-JFW(MARx)** | Date: July 24, 2023 |
| Title: | Taylor-Listug, Inc. -v- Artiny Guitar Factory Limited, et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION [filed 6/27/2023; Docket No. 22]

    On June 27, 2023, Plaintiff Taylor-Listug, Inc. filed a Motion for Default Judgment and Permanent Injunction ("Motion"). No Opposition was filed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 31, 2023 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

    Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default under 55(a). Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required. L.R. 55-1.

    The entry of default judgment is left to the court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Because granting or denying relief is entirely within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment. *Id.; Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). In deciding whether to exercise discretion to enter a default judgment, courts may consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). In determining damages, the court may conduct a full evidentiary hearing, or rely on declarations submitted by the parties. Fed. R. Civ. 55(b)(2); L.R. 55-2. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

For the reasons stated in Plaintiff's Motion, and after considering the *Eitel* factors, the Court concludes that Plaintiff has demonstrated that default judgment should be entered in its favor and against Defendants Artiny Guitar Factory Limited and Guangzhou Artiny Guitar Co., Ltd. as set forth in the Plaintiff's proposed Default Judgment and Permanent Injunction. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Accordingly, Plaintiff's Motion is **GRANTED**. The Court signs the proposed Default Judgment and Permanent Injunction lodged with the Court on June 27, 2023 (Docket No. 22-2).

IT IS SO ORDERED.